**IN THE COURT OF APPEALS OF IOWA**

No. 24-0863
Filed April 9, 2025

**IN THE INTEREST OF E.C.,**
**Minor Child,**

**E.C., Minor Child,**
    Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Ty Rogers, Judge.

A juvenile challenges the sufficiency of the evidence supporting his delinquency adjudication for criminal mischief in the fourth degree. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant minor child.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

The State filed a delinquency petition charging a juvenile with criminal mischief in the third degree based on the allegation that he slashed all four tires of a car belonging to a classmate. The juvenile court adjudicated the juvenile delinquent of the lesser-included offense of criminal mischief in the fourth degree. The juvenile appeals. He contends the evidence is insufficient to identify him as the tire slasher.

We review challenges to the sufficiency of the evidence in a delinquency proceeding de novo. *In re T.H.*, 913 N.W.2d 578, 582 (Iowa 2018). With de novo review, we give weight to the juvenile court's fact findings, especially as to witness credibility, but we are not bound by them. *In re D.S.*, 856 N.W.2d 348, 351 (Iowa 2014).

Based on our de novo review, we find the following facts. About one year before the tire slashing, the juvenile took a romantic interest in a fellow classmate at school. Although the two interacted enough that the juvenile became familiar with the classmate's car, as she gave him a ride in it, she did not reciprocate his romantic interest in her. At the start of the next school year—late August 2023— the juvenile sent an email to the classmate. She responded by email the same day, stating, "I'd appreciate it if you don't contact me from this point forward." Over the next few days, the juvenile sent several emails asking the classmate "why do you hate me that much" and generally trying to get her to respond. The classmate did not respond. This made the juvenile feel rejected and angry.

As the juvenile continued to send emails, the classmate contacted school personnel and its school resource officer (a certified law enforcement officer)

asking them for help to get the juvenile to stop contacting her. The school resource officer talked to the juvenile sometime around October, informing him that the classmate did not want him to contact her and telling him to stop. The juvenile stopped emailing,

On December 7, another student at the juvenile's high school was waiting in her car in the school parking lot about fifteen minutes before the end of the school day to give a friend a ride. A person wearing a dark-colored cap, a green and black jacket, and jeans caught her attention. He was the only other person in the parking lot. The witness saw him beside a car two cars away from her when she heard a sound like a popped tire and then a hissing sound like air being let out of a ball. The person walked all the way around the car, which struck the witness as odd. She then saw the person leave the car, walk to the only school bus at the school, and get on it. The witness got out of her car, went to the car the person had been walking around, and saw that all four tires had been slashed. The witness went into the school and reported the incident.

After the witness gave the school resource officer details about what she had seen, the officer suspected the tire slasher was the juvenile. The officer showed the witness a photo of the juvenile, and she identified him as the person she had seen by the car with the slashed tires. She also identified the juvenile as the tire slasher during the delinquency adjudication hearing.

Further investigation revealed that the car with the slashed tires was driven by the classmate who had asked the juvenile to stop contacting her. The car was owned by the classmate's mother. The investigation also revealed that there is a single bus that arrives earlier than the other buses about fifteen minutes before the

end of the school day. The juvenile rides that bus, and the bus driver confirmed he rode the bus that day while wearing clothes that matched the general description given by the witness. Only fourteen students ride that bus.

As noted, based on these facts, the juvenile court found the juvenile to be the person who slashed the victim's tires and adjudicated him delinquent of criminal mischief in the fourth degree. The juvenile attacks this finding, claiming the witness's identification was insufficient in general, but particularly because the officer's action in showing her one photo was unduly suggestive. He relies on *State v. Booth-Harris* to contend that the showing of a single photo was so unduly suggestive that we should find the witness's testimony lacking in credibility. 942 N.W.2d 562, 570–77 (Iowa 2020).

We agree with the State that *Booth-Harris* does not help the juvenile here. In *Booth-Harris*, the supreme court addressed the issue of whether "unnecessarily suggestive pretrial out-of-court identification" should be suppressed. *Id.* at 570 (citation omitted). But the juvenile in this case did not seek suppression of the identification evidence. In fact, he did not even object to it. So *Booth-Harris* does not help him, and the identification evidence was properly available for the juvenile court's consideration and ours.

In determining whether the evidence is sufficient to establish that the juvenile is the person who slashed the victim's tires, we are mindful that the juvenile court found the witness from the parking lot particularly credible, in part because she did not know the juvenile or the classmate before the incident. We are deferential to this credibility finding. *See id.* at 571. Following our de novo review with that deference in mind, we agree with the juvenile court that the juvenile is the

person who slashed the tires. Despite his testimony that he did not do it, the evidence convinces us otherwise. The juvenile was angry with the classmate because she did not return his romantic interest and had asked him to stop contacting her. Multiple witnesses, including the juvenile, placed him in the school parking lot at the time the tire slashing occurred—a time when no one else other than the witness was around because school did not let out for another fifteen minutes or so. The witness saw a person suspiciously walking around the victim's car when the witness heard a tire-popping sound and air hissing like air being let out of a ball. That person was wearing clothes that matched the description the juvenile gave of his own clothes on the day of the tire slashing. And the witness saw the person walk away from the car with the slashed tires and get on the only school bus at the school at that time—the same bus the juvenile rides. The bus driver confirmed the juvenile got on the bus that day, and he was wearing clothes very similar to those described by the witness.

Like the juvenile court, we are convinced beyond a reasonable doubt that the juvenile is the person who slashed the tires of his classmate's car. As identification is the only challenge the juvenile makes to his delinquency adjudication, we affirm the juvenile court.

**AFFIRMED.**